**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4900

NIMER ELARJA SABAL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-95-686)

Submitted: May 29, 1997

Decided: June 18, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
John M. Barton, Jane B. Taylor, Assistant United States Attorneys,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nimer Elarja Sabal appeals from his conviction of aiding and abetting in money laundering, 18 U.S.C. §§ 1956(a)(1)(A)(I), 2 (1994). Sabal's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Sabal's guilty plea. Sabal has filed supplemental pro se briefs raising a number of ineffective assistance of counsel claims. Finding no error, we affirm.

Sabal was one of six defendants named in a nine-count second superseding indictment in January 1996. Sabal's arrest was the result of a Federal Bureau of Investigation (FBI) investigation into a Peruvian and Colombian money laundering network. Sabal's role was to introduce the owners of the money--drug traffickers located in Peru and Columbia--to undercover FBI agents posing as representatives of a shell corporation set up as part of the investigation. Sabal charged a commission for arranging or brokering the transactions. Sabal pled guilty to Count Two of the indictment which involved his arrangement in April 1993 for a deposit of $69,805 into an undercover account, which was then transferred to an informant's account in Peru and, finally, given by the informant to Sabal in Peru.

The only issue raised by Sabal's counsel in his Anders brief is whether the district court complied with Fed. R. Crim. P. 11 in accepting Sabal's guilty plea. In reviewing the adequacy of compliance with Rule 11, this court accords great deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant. United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations are evaluated under the harmless error standard. Id. This court may vacate a conviction resulting from a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. Our review of the transcript of Sabal's guilty plea hearing discloses that the district court fully complied with Rule 11 in informing Sabal of his rights and in ascertaining the voluntariness of his plea.

Sabal has filed supplemental pro se briefs raising a number of claims of ineffective assistance of counsel. Claims of ineffective

2

assistance of counsel are not cognizable on direct appeal unless counsel's deficient performance plainly appears on the face of the record. See DeFusco, 949 F.2d at 120-21. Rather, these claims must be brought in a habeas corpus proceeding under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). Because ineffective assistance does not plainly appear on the face of this record, we decline to address those claims.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3